```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
KELLY PICKETT,

                        Plaintiff,

        -against-                              MEMORANDUM & ORDER
                                               13-CV-3527(JS)(AYS)
BALDWIN UNION FREE SCHOOL DISTRICT,
ROSEMARIE COLETTI, individually,
TIMOTHY MAHER, individually,
and JAMES MAPES, Individually,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Marjorie Mesidor, Esq.
                    Brittany Alexandra Stevens, Esq.
                    Phillips & Associates, PLLC
                    45 Broadway, Suite 620
                    New York, NY 10006

For Defendants:     Gerald Stephen Smith, Esq.
                    Silverman & Associates
                    445 Hamilton Avenue, Suite 1102
                    White Plains, NY 10601
```

FILED
CLERK

3/21/2016 11:03 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

SEYBERT, District Judge:

Plaintiff Kelly Pickett ("Plaintiff") commenced this employment discrimination action on June 21, 2013 against Defendants the Baldwin Union Free School District (the "District"), Rosemarie Coletti, Timothy Maher, and James Mapes (collectively "Defendants"). Pending before the Court is Defendants' motion for summary judgment (Docket Entry 35) and Magistrate Judge Anne Y. Shields' Report and Recommendation ("R&R"), recommending that Defendants' motion be granted in part

and denied in part (Docket Entry 48). For the reasons that follow, Judge Shields' R&R is ADOPTED in part and MODIFIED in part.

BACKGROUND

The Court assumes familiarity with the facts of this case, which are discussed at length within Judge Shields' R&R. Briefly, Plaintiff is a tenured teaching assistant, who has been employed at the District since 2006. (R&R at 2.) Plaintiff suffers from attention deficit hyperactivity disorder ("ADHD"). (R&R at 2.) To treat her ADHD, Plaintiff takes medication and attends therapy. (R&R at 2.) Plaintiff claims that Defendants failed to accommodate her disability by denying her requests to leave school early and to have a "set schedule." (See R&R at 4-5.) Although Defendants offered to allow Plaintiff to leave early, the offer was made with the understanding that Plaintiff's pay would be reduced and she would lose her benefits. (R&R at 5.)

In this case, Plaintiff brings claims against Defendants for failing to accommodate her medical needs and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA") and interference and retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. (the "FMLA"). Plaintiff also brings parallel state law disability discrimination claims against Defendants pursuant to the New York State Human Rights Law, N.Y. Exec. L. § 296 (the "NYSHRL") and

NYSHRL "aiding and abetting" claims against the individually named Defendants. (Compl. at 17-20.)

Defendants filed a motion for summary judgment on July 9, 2015 seeking to have all of Plaintiff's claims dismissed. (Docket Entry 35.) On October 9, 2015, the undersigned referred Defendants' motion to Judge Shields for an R&R on whether the motion should be granted. (Docket Entry 43.) Judge Shields issued her R&R on December 28, 2015, recommending that Defendants' motion be granted in part and denied in part. Specifically, Judge Shields recommends that the Court dismiss Plaintiff's FMLA interference claim and all of Plaintiff's state law claims, but allow Plaintiff's failure to accommodate, ADA retaliation, and FMLA retaliation claims to proceed to trial. (R&R at 26.)

On February 1, 2016, Defendants filed Objections to Judge Shields' R&R, arguing that Plaintiff's failure to accommodate claim and her retaliation claims should be dismissed as a matter of law. (Objections, Docket Entry 54.)

DISCUSSION

The Court will first address the standard of review before turning to Plaintiffs' Objections specifically.

I. Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not

3

facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted).  A party may serve and file specific, written objections to a magistrate's report and recommendation within fourteen days of receiving the recommended disposition.  See FED. R. CIV. P. 72(b)(2).  Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3).  A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object.  See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report.  See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but

4

[were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

II. Failure to Accommodate

With respect to Plaintiff's failure accommodate claim, Judge Shields found that questions of fact regarding "both the essential functions of Plaintiff's job, and the reasonableness of the accommodations sought, [should] preclude the entry of summary judgment." (R&R at 18.) More specifically, Judge Shields pointed to the parties' disagreement about the purpose of Plaintiff's request to leave work early--while Defendants claim Plaintiff wanted to depart early to attend to personal matters, Plaintiff argues that she needed her schedule changed to allow her to perform the essential functions of her job. (R&R at 17.)

Defendants assert in their Objections that there is no evidence in the record supporting Plaintiff's contention that her requests were work-related. (Objections at 9-10.) In addition, Defendants cite to the fact that "Plaintiff would sense that her medication was wearing off" while she was meeting with her therapist, "sometime after 3:00," and claims this fact proves Plaintiff only wanted to leave early to attend to personal matters. (Pl.'s 56.1 Counterstmt., Docket Entry 29, ¶ 92; Pl.'s Dep. Tr., Defs.' Ex. C., Docket Entry 37-3, 109:22-110:4.) However, the

5

factual framework is slightly more complicated than Defendants portray. During the 2011-2012 school year, Plaintiff claims that she requested an accommodation to attend therapy appointments at 3:00 p.m. because the sessions were essential to her mental health and she could not move them to a later time. (Pl.'s 56.1 Countersmt. ¶ 36; R&R at 8.) In addition, Plaintiff requested a "set schedule" so that her medication could be "timed accordingly." (Def.'s Reply 56.1 Stmt., Docket Entry 38, ¶ 56.) The law does not require an employer to "make accommodations that are primarily for the individual's personal benefit, such as an adjustment or modification that assists the individual throughout his or her daily activities." Lyons v. Legal Aid Society, 68 F.3d 1512, 1516 (2d Cir. 1995) (internal quotation marks, citation, and brackets omitted). Plaintiff admitted that one reason she asked to leave school early was so that she could go "grocery shopping, pay[ ] bills, [and] manag[e] her household before her medication wore off." (Pl.'s 56.1 Counterstmt. ¶ 36.) However, the degree to which Plaintiff's accommodation requests were necessary to allow her to perform her job and whether the accommodation Defendants offered Plaintiff was reasonable are both disputed factual issues which cannot be resolved as a matter of law. Therefore, Defendants' Objections regarding Plaintiff's failure to accommodate claim are OVERRULED.

III. <u>ADA Retaliation</u>

Plaintiff claims Defendants retaliated against her in response to her accommodation requests by (1) taking away her walkie-talkie and (2) excluding her from a mentorship program and a position on a health and safety committee. (R&R at 22; Pl.'s 56.1 Counterstmt. ¶ 78.) Judge Shields noted that these two alleged adverse actions were "weak," but she was nevertheless "unwilling to hold . . . as a matter of law" that they were not adverse employment actions. (R&R at 22.)

Defendants now argue in their Objections that Plaintiff's retaliation claims should be dismissed because: (1) there was too long of a time gap between Plaintiff's last request for an accommodation and her exclusion from the committee and mentorship program, and (2) Plaintiff cannot show that similarly situated teachers were denied use of a walkie-talkie. (Objections at 14.) However, neither of Defendants' arguments warrant departing from Judge Shields' recommendation. <u>First</u>, the Court cannot decide with legal certainty when Plaintiff's last request for an accommodation was made, since Plaintiff claims her scheduling requests are "continuous and ongoing." (Pl.'s 56.1 Countersmt. ¶ 172.) <u>Second</u>, the fact that Plaintiff cannot point to another teacher who possessed a walkie-talkie does not definitively establish that taking Plaintiff's walkie-talkie away was not an adverse employment action. Retaliatory conduct is

7

conduct "'that would deter a similarly situated individual or ordinary firmness from exercising . . . constitutional rights.'" Gill v. Calescibetta, 157 F. App'x 395, 397 (2d Cir. 2005) (alteration in original) (quoting Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004). Unlike Plaintiff's fellow teachers, however, Plaintiff was the sole educator assigned to the In School Suspension ("ISS") room. Since there is arguably a greater need to be in touch with school administrators and security in the ISS room than in a traditional classroom, it is not clear that that the other teachers at the school are "similarly situated" to Plaintiff. Defendants therefore have not presented a legitimate reason to depart from Judge Shields' recommendation regarding Plaintiff's ADA retaliation claim.

IV. FMLA Retaliation

Judge Shields' R&R makes clear that the facts underlying Plaintiff's FMLA retaliation claim are the same as those she relies upon in support of Plaintiff's ADA retaliation claim. (R&R at 23.) In other words, Plaintiff asserts, as an alternative to her ADA retaliation claim, that her walkie-talkie was confiscated and she was excluded from two groups because she took FMLA leave from December 2011 until March 2012. (See R&R at 21-22.) Defendant argues, however, that given the timing of Plaintiff's alleged adverse actions, her FMLA retaliation claim must be dismissed. Specifically, Defendants assert that Plaintiff's radio was removed

8

before she took FMLA leave, and she was denied membership on the safety Committee and excluded from the mentorship program approximately ten months after taking leave. (Objections at 18.) Plaintive does not dispute the timing of these events, nor does she offer any legal argument in response. (See Pl.'s Opp. Br., Docket Entry 40, at 10.) It is clear that "[t]here can be no inference of retaliatory animus where the adverse employment action occurred prior to the protected activity." Pinero v. Long Island State Veterans Home, 375 F. Supp. 2d 162, 168 (E.D.N.Y. 2005). In addition, [w]hile close temporal proximity can give rise to an inference of retaliation," a ten-month gap between FMLA leave and an alleged adverse employment act is too long to give rise to an inference of retaliation. See O'Reilly v. Consol. Edison Co. of New York, 173 F. App'x 20, 22 (2d Cir. 2006) (holding that a three-month gap between FMLA leave an termination insufficient to create an inference of retaliation); Simmons v. Akin Gump Strauss Hauer & Field, LLP, No. 10-CV-8990, 2011 WL 4634155, at *9 (S.D.N.Y. Oct. 6, 2011), aff'd, 508 F. App'x 10 (2d Cir. 2013). Since Plaintiff cannot make a prima facie showing that she was subjected to retaliation for taking FMLA leave, her FMLA retaliation claim is DISMISSED.

9

CONCLUSION

For the foregoing reasons, Judge Shields R&R (Docket Entry 48) is ADOPTED IN PART and MODIFIED IN PART. Specifically, Plaintiff's failure to accommodate and ADA retaliation claims shall proceed to trial, however, Plaintiff's FMLA interference claim, FMLA retaliation claim, and all of Plaintiff's state law claims are DISMISSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March __21__, 2016
Central Islip, New York